UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNICARE LIFE & HEALTH INS. CO. | CIVIL ACTION NO. 18-cv-0923 |
| VERSUS | JUDGE DOUGHTY |
| ROSLYN HEROD GILBERT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

James D. Gilbert had life insurance coverage of $53,000 when he died in 2018. His wife (the named beneficiary) and two children submitted competing claims to the proceeds. The insurer filed this interpleader action and named as claimants the wife, two children, and two siblings. The record reflects that all claimants have been served, but only Trulanda F. Wells and Roslyn Herod Gilbert have filed an answer.

Ms. Wells' answer (1) made a claim to the proceeds of the policy and (2) complained that the insurer had not processed a change of beneficiary. The insurer, UniCare Life & Health Insurance Company, interpreted the second matter as a counterclaim against it and responded with a Motion to Dismiss Counterclaim (Doc. 14) that is now before the court. For the reasons that follow, it is recommended that the motion to dismiss be denied.

**Rule 12(b)(6)**

When ruling on a motion to dismiss, a judge must accept as true the factual allegations contained in the complaint. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Ms. Wells' answer/counterclaim has several exhibits attached to it, and "[a] copy of a

written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). That includes the assessment of a Rule 12(b)(6) motion that attacks a claim set forth in the pleading. U.S. ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). These requirements are most often applied to claims set forth in a complaint, but they also apply to a counterclaim. Adams v. US Bank, NA, 2018 WL 2164517, *3 (N.D. Tex. 2018).

**Relevant Facts**

James D. Gilbert was employed by Ford Motor Company and participated in a group life insurance policy that provided a benefit of $53,000 upon his death. Mr. Gilbert died in May 2018. The named beneficiary at the time was Roslyn Herod-Gilbert, who made a claim to the benefits. Competing claims were asserted by Trulanda F. Wells (daughter) and James D. Hunter (son). UniCare, the issuer of the policy, believes that competing claims may also be made by Roslyn Gilbert (sister) and Larry Gilbert (brother). Some of

the claimants allege that Mr. Gilbert's mental capacity was questionable at the time he changed his beneficiary to Roslyn Herod-Gilbert. Interpleader Complaint, ¶¶ 10-15.

UniCare states that it is a disinterested stakeholder and does not claim any interest in the policy benefit. UniCare is ready and willing to pay the benefit into the registry of the court for distribution to the claimant or claimants who the court determines should receive the proceeds of the policy. UniCare filed the interpleader to avoid double or multiple liability to the various claimants. ¶¶ 16-23.

The record reflects that all claimants have signed a waiver of service of the complaint in interpleader, but only Trulanda F. Wells and Roslyn Herod Gilbert have filed an answer. Ms. Wells wrote in her answer that her father's wife (Rosyln Hicks Herod) took advantage of her father while he was in poor health and under the influence of various drugs. She outlined alleged mistreatment by his wife. Her answer is in the form of a letter and does not explicitly designate any portion of it a counterclaim.

UniCare interpreted portions of the answer as an attempt to state a counterclaim and responded with a motion to dismiss. Ms. Wells wrote in the second paragraph of her answer: "The most important thing is if UniCare Life ins. would have let me change the beneficiary when my father had become his power of attorney (POA). We will not be going thru this right now." Later in the answer, Ms. Wells wrote: ". . . I had Power of attorney and tried to change it but Unicare for some reason did not accept my Power of Attorney and my lawyer said that my Power of Attorney are for me act say and do as if I was James D. Gilbert himself. Everyone else did but Unicare and I believe that's why they got a lawyer because they are liable."

UniCare points to these allegations, sets forth the Rule 12(b)(6) standard, and asserts in that the allegations are conclusory and fail to plead sufficient facts to make a plausible claim of liability. But those allegations are not all that Ms. Wells submitted on this issue. Additional facts can be found in the exhibits to her answer.

The exhibits include a copy of the power of attorney that granted Wells broad authority to manage the affairs of James D. Gilbert. They also include a letter that Wells wrote to UniCare dated April 25, 2018. Ms. Wells wrote that she was the daughter of James Gilbert and had "become his POA" and wanted to know the value of his life insurance and the name of the beneficiary. She added: "and if it's not Trulanda Fay Wells/Hunter or James Douglass Hunter (James D. Gilbert 2 kids) I would like to change it to use two. Split down the middle." Another exhibit is a letter from Unicare in which it responded to Wells' letter of April 25, 2018. UniCare advised that the term policy was in the amount of $53,000 but had no loan or cash value. With respect to the inquiry about the beneficiary and making a change, the letter stated only: "At this time the insured has Roslyn Herod, Fiance 100% designated as the beneficiary. The Power of Attorney Papers have become a permanent part of Mr. Gilbert's Insurance file."

The Federal Rules of Civil Procedure apply in interpleader cases just as they would in any other civil action in federal court. "Once the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 881 (5th Cir. 1998). That includes a claim for negligent handling of a request to change a beneficiary, which Deshotel held was a compulsory counterclaim in an interpleader case concerning the proceeds of a life policy.

This is allowed even though it creates the possibility that the insurer/stakeholder will be liable to all claimants in a total amount greater than the value of its policy. Where there are multiple claims to the stake as well as counterclaims against the stakeholder, the court may discharge the plaintiff from liability on the stake but retain jurisdiction over it for purposes of adjudicating the counterclaims. William Penn Life Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355, 361 (S.D. N.Y. 2008), citing Wayzata Bank & Trust Co. v. A & B Farms, 855 F.2d 590, 593 (8th Cir. 1988).

UniCare invoked the jurisdiction of the court based on both ERISA and diversity jurisdiction. UniCare does not discuss in its motion whether ERISA or Louisiana law applies to the potential counterclaim. UniCare also does not discuss the effect of Ms. Wells' request, invoking her authority under her power of attorney, that UniCare change the beneficiary, and the apparent lack of action by UniCare in response. Depending on the applicable law, there are a number of potential rules and requirements that could apply to this request. See, e.g., Standard Insurance Company v. Spottsville, 204 So.3d 253 (La. App. 1st Cir. 2016) (upholding policy's requirement of specific authorization in POA for change of beneficiary).

Ms. Wells' allegations in her answer, together with the attached correspondence, provide enough facts to give rise to a plausible counterclaim for mishandling a request to change beneficiary. UniCare may have defenses to the claim, but it is not a plaintiff's obligation to plead facts to defeat every conceivable defense. It is the defendant's obligation to plead and make out such defenses. Ms. Wells has provided enough information, especially given her pro se status, to allow her counterclaim to escape a

request for dismissal that is based on nothing but the insurer's contention that the counterclaim is conclusory.

Accordingly,

It is recommended that UniCare's Motion to Dismiss Counterclaim (Doc. 14) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of December, 2018.

Mark L. Hornsby
U.S. Magistrate Judge