# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **UNICARE LIFE & HEALTH INS. CO.** | **CASE NO. 5:18-CV-00923** |
| **VS.** | **JUDGE TERRY A. DOUGHTY** |
| **ROSLYN HEROD GILBERT, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

## RULING

Pending here is a Motion for Summary Judgment filed by Defendant Roslyn Herod-Gilbert ("Herod-Gilbert") [Doc. No. 53]. Defendant Trulanda F. Wells ("Wells") has filed an opposition [Doc. No. 55]. Defendant James D. Hunter ("Hunter") did not file an opposition. Herod-Gilbert has filed a reply to Wells' opposition [Doc. No. 59].

For the following reasons, Herod-Gilbert's Motion for Summary Judgment is GRANTED.

### I.  FACTS AND PROCEDURAL HISTORY

This is an interpleader action for the benefits from a life insurance policy insuring the life of James D. Gilbert ("James Gilbert"). Plaintiff UniCare Life & Health Insurance Company ("UniCare") deposited the benefits into the Court's registry and then obtained a dismissal [Doc. No. 37]. The remaining Defendants are Herod-Gilbert, who is James Gilbert's surviving spouse and the designated beneficiary; Wells, a daughter of James Gilbert; and Hunter, a son of James Gilbert.

James Gilbert was a participant in an employee welfare benefit plan including a group life instance policy issued by UniCare providing for a benefit in the amount of $53,000.00 upon his death.

On April 7, 2015, James Gilbert executed a beneficiary change form which designated "Roslyn Herod," whose "relationship" was stated to be "Friend," as the beneficiary of the policy [Doc. No. 53-2, p.7]. It was stamped as received by UniCare on April 14, 2015 [*Id.*].

On October 7, 2015, James Gilbert signed a second beneficiary change form, which again designated "Roslyn Herod" as the beneficiary. On this form, the relationship was stated to be "Fiancé." [Doc. No. 53-2, p. 10]. It was stamped as received by UniCare on October 13, 2015. [*Id.*].

On November 4, 2015, James Gilbert and Roslyn Herod were married in Caddo Parish, Louisiana [Doc. No. 53-2, p. 12, Certificate of Marriage License].

On March 28, 2018, James Gilbert granted a Power of Attorney to Wells [Doc. No. 53-2, pp. 25-27].

On April 26, 2018, James Gilbert executed a Last Will and Testament, which names Wells as his primary legatee [Doc. No. 53-2, pp. 14-23].

By letter dated April 30, 2018, UniCare informed Wells that its insured James Gilbert has "Group Term Life Insurance through Ford Motor company, administered by UniCare, in the amount of $53,000." UniCare further stated the "coverage is a death benefit payable only upon the death of our insured to his last-named beneficiary of record. At this time the insured has Roslyn Herod, Fiance 100% designated as the beneficiary." [Doc. No. 12-1, p. 5].

On May 8, 2018, James Gilbert revoked the Power of Attorney in favor of Wells dated March 28, 2018, [Doc. No. 53-2, p. 30] and executed a new Power of Attorney in favor of Herod-Gilbert [Doc. No. 53-2, pp. 28-29].

James Gilbert died on May 18, 2018.

On July 13, 2018, UniCare initiated these proceedings by filing an Interpleader Complaint in which it alleged that, although Herod-Gilbert is the named beneficiary, competing claims have been filed by Wells and Hunter. UniCare also alleged that it had been informed that James Gilbert's mental capacity at the time he executed the change of beneficiary forms has been called into question. See [Doc. No. 1].

Wells filed an Answer on October 10, 2018 [Doc. No. 12]. Hunter filed an Answer on November 14, 2018. [Doc. No. 28 (docketing inadvertently delayed)]. Herod-Gilbert filed an Answer on December 7, 2018. [Doc. No. 18].

On October 21, 2019, Herod-Gilbert filed the pending Motion for Summary Judgment [Doc. No. 53] seeking judgment as a matter of law that she is entitled to the remaining life insurance proceeds in the Court's registry because she was twice designated by James Gilbert to be the beneficiary and she is his surviving spouse. In support, she attaches Declarations from persons stating that James Gilbert was mentally capable of understanding the consequences when he executed the change of beneficiary forms. [Doc. No. 53-2].

On November 8, 2019, Wells filed an opposition in which she contends that James Gilbert had been interdicted in 2004 and thus lacked the legal capacity to execute the documents naming Herod-Gilbert as the beneficiary. [Doc. No. 55].

Hunter, who is self-represented, has filed no opposition, did not participate in the preparation of the pretrial order, and did not participate in the pretrial conference. [Doc. No. 72].

On November 19, 2019, Herod-Gilbert filed a reply to Wells' opposition. [Doc. No. 59]
The matter is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will

"resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*. at 322-23.

**B.    Analysis**

Herod-Gilbert submits that summary judgment should be granted in her favor as a matter of law because it is undisputed that she is the designated beneficiary of the policy at issue and because the other Defendants cannot establish the essential elements under Louisiana law to invalidate the designation. She attaches to her motion Declarations executed by Kenneth Kennedy, Linda Hawkins Harrison, Gwendolyn Tennell, and Shannon Hicks, all attesting to

James Gilbert's mental awareness and understanding of the consequences of executing the change of beneficiary forms. [Doc. No. 53-2, pp. 46, 51, 56, and 61 respectively].

Louisiana law "presumes the capacity to contract and favors and promotes the freedom to contract." *Standard Life & Acc. Ins. Co. v. Pylant*, 424 So. 2d 377, 379 (La. App. 2 Cir. 1982), *writ denied*, 427 So. 2d 1212 (La. 1983); *First National Bank of Shreveport v. Williams*, 346 So.2d 257 (La.App.3d Cir.1977). Exceptions to the "presumption of capacity to contract must be shown quite convincingly and by the great weight of the evidence." *Martin v. Metro. Life Ins. Co.*, 516 So. 2d 1227, 1229 (La. App. 2 Cir. 1987) citing *First Nat. Bank of Shreveport v. Williams*, 346 So.2d 257 (La.App.3d Cir. 1977); *Kennedy v. Bearden*, 471 So.2d 871 (La.App.2d Cir. 1985); s*ee also Allen v. Edmond*, 2018-1151 (La. App. 1 Cir. 5/14/19), 2019 WL 2136282 ("both lack of capacity and undue influence must be proven by clear and convincing evidence").

Thus, Wells and Hunter have the burden of proof as to James Gilbert's lack of capacity to execute the change of beneficiary forms. Wells opposes summary judgment on the grounds that James Gilbert was interdicted before either of the changes in beneficiaries occurred, and, thus. he lacked the capacity to enter into contracts, under Louisiana Civil Code Articles 2029, 2031, and 2032. In support of her assertion, she attaches as an exhibit to her opposition a copy of "Letters of Guardianship" issued by the Probate Court of Wayne County, Michigan in the proceedings styled, "In the matter of James Gilbert, Legally Incapacitated Individual," Docket No. 2008-729673-GA, dated September 30, 2008, and appointing Roslyn Gilbert[1] as his Successor Guardian. [Doc. No. 34-1, p.1]. Wells additionally attaches a copy of a Social Security Benefit Statement for the year 2008 which has as the address for James D. Gilbert: "Roslyn Gilbert GDN of James D. Gilbert, 1945 Walnut Street, Shreveport, LA." [*Id.*, p. 2]. Wells argues that, "There

---

[1] **Roslyn Gilbert is the sister of James Gilbert and is a different person than Defendant Roslyn Herod-Gilbert.**

is no showing that the Interdiction was ever rescinded or vacated." [Doc. No. 55, p. 1].  Wells, therefore, concludes that, not only was James Gilbert's designation of Herod-Gilbert as his beneficiary null, but also his marriage to her.

In response, Herod-Gilbert produced the docket sheet for the Michigan proceeding [Doc. No. 59-1], and more interestingly, Herod-Gilbert produced a certified copy of the Court Order in the Michigan proceeding signed by the Judge of Probate on October 1, 2009, which *terminated* the Guardianship [Doc. No. 68], contrary to Wells' representation to this Court that it had not been rescinded or vacated.  In fact, the Michigan Court Order explicitly states:

> IT IS determined that *the former ward is no longer incapacitated*, therefore the *guardianship is terminated*, gdn disch [sic], AOA rel.[sic]  Frmr ward's name shall be removed from Mich. State Lien.
> Case closed.
> (emphasis added)

[Doc. No. 68, p.2]

Wells has not produced any further evidence that James Gilbert was interdicted at the time he executed the change of beneficiary forms in 2015.

Additionally, Wells' reliance on the Civil Code articles is misplaced.  She cites La. Civ. Code art. 1788 in her opposition. The Court believes she may have intended to cite La. Civ. Code art. 1919, which provides that "A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative." Comment b to that article states "In the case of an interdict, the action to rescind the contract is available only to the interdict or his curator." Wells does not claim to be the curator. Rather, the record reveals Roslyn Gilbert, the decedent's sister, was appointed guardian. Thus, even assuming arguendo that the Michigan Guardianship had never been terminated, only Ms. Gilbert has the right to raise it to challenge the beneficiary designation forms.

In the absence of reliable evidence of an interdiction or guardianship, the jurisprudence contains several examples of similar attacks on a life insurance designation form. Courts apply La. Civ. Code art. 1926 which provides:

> A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding or was made within 30 days of his death, or when application for interdiction was filed before his death.

The courts are settled that "changing a beneficiary to a life insurance policy is not a gratuity." *Martin v. Metropolitan Life Ins. Co.*,516 So.2d 1227, 1229 (La. App. 2 Cir.1987) citing *Standard Life Ins. Co. v. Taylor*, 428 So.2d 1294 (La. App. 3 Cir.1983); *Sizeler v. Sizeler,* 170 La. 128, 127 So. 388 (La. 1930); *Metropolitan Life Ins. Co. v. Leban*, 03-268, 2003 WL 22852211 (E.D. La., Nov. 28, 2003). Since no application for interdiction was filed before James Gilbert's death and since the designation forms were executed years before his death, a contesting defendant must show the form "evidences lack of understanding."

Wells and Hunter have produced no summary judgment evidence to indicate the form "evidences lack of understanding."

In *Am. Gen. Life Ins. Co. v. Wilkes*, 619 F. Supp. 2d 252, 253 (M.D. La.), *aff'd*, 290 F. App'x 688 (5th Cir. 2008), American General filed an interpleader action to determine who was the beneficiary on two life insurance policies issued to John Henry Wilkes after receiving competing claims on both policies from his wife and his daughter. At the time of his death, the named beneficiary on both policies was the defendant wife. The court found a review of the record showed that the daughter could not establish that he lacked capacity to contract at the time he changed his beneficiary forms. The court granted summary judgment for the wife. *Id*. at 257.

The Fifth Circuit upheld the decision and considered that:

> John Wilkes signed and dated the forms, which clearly set forth a change of beneficiary from Hinkle to Evelyn Wilkes. To counter this fact, Hinkle submitted the affidavits of Gwendolyn Starwood and George Francis, Jr. as proof of John Wilkes's incapacity. Even assuming arguendo that these affidavits are admissible, they are not sufficient to prove that the contract evidences a lack of understanding. Starwood, Wilkes's caretaker from June 2004 to January 2006, stated only that John Wilkes was unable to perform routine tasks and had begun to lose his ability to think during that time period. Francis, a life insurance agent who originally sold John Wilkes the policies in 2002 and 2003, did not provide any relevant information with respect to the signing of the Change of Beneficiary forms in March 2006. Also, the fact that Evelyn Wilkes filled in general information on the forms does not demonstrate a lack of capacity to contract. Thus, like the district court found, there is insufficient evidence to overcome the presumption that John Wilkes had contractual capacity at the time he executed the Change of Beneficiary forms."

*Am. Gen. Life Ins. Co. v. Wilkes*, 290 F. App'x 688, 691 (5th Cir. 2008).

The Court further notes that, although Wells asserts that James Gilbert did not have the mental capacity to execute the change of beneficiary forms in 2015, she nevertheless does not question his capacity to grant her the Power of Attorney dated March 28, 2018 [Doc. No. 53-2, pp 25-27] or to execute the Last Will and Testament dated April 26, 2018, which named Wells as his primary legatee [Doc. No. 53-2, pp 14-23], shortly before his death on May 18, 2018.

The Court concludes that Wells and Hunter have failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. Wells and Hunter have produced no summary judgment evidence raising as a genuine issue that James Gilbert lacked an understanding of what he was doing in designating Herod-Gilbert as his life insurance beneficiary. He did so twice in fact. The forms bear James Gilbert's signature and clearly set forth his intention.

Accordingly, Herod-Gilbert is entitled to judgment as a matter of law in her favor.

### III. CONCLUSION

For the reasons set forth above, Herod-Gilbert's Motion for Summary Judgment [Doc. No. 53] is GRANTED. Herod-Gilbert is entitled to judgment as a matter of law that she is entitled to the remaining life insurance proceeds in the Court's registry.

**Monroe, Louisiana,** this 9th day of December, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE